**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KRISHNA PRASAD ADHIKARI, *et al.* | ) |
| | ) |
| Movants, | ) Civil Action No. 1:20-mc-29-CKK |
| | ) |
| v. | ) |
| | ) |
| HALLIBURTON COMPANY, *et al.* | ) |
| | ) |
| Respondents. | ) |
| | ) |

## NOTICE PURSUANT TO THE COURT'S MINUTE ORDER OF JUNE 25, 2020

Pursuant to the Court's minute order of June 25, 2020, Plaintiffs file this Notice indicating that the District of Columbia is a proper place of compliance under Fed. R. Civ. P. 45(c).

As an initial matter, Plaintiffs note that counsel for Respondents, Jenner & Block, contacted Plaintiffs on June 24, 2020, and expressed Halliburton's willingness to comply with the subpoenas. Counsel represented that Halliburton's failure to earlier reply was a matter of inadvertence.  Respondents and Plaintiffs have agreed to seek a stay of the motion to compel while Halliburton attempts to voluntarily comply with the subpoena and Plaintiffs intend to file a stay motion promptly, if not concurrently, with this notice.

**A.     The District of Columbia is a Proper Place of Compliance**

Under Rule 45(c) the proper place of compliance for a subpoena commanding the production of documents is "within 100 miles of where the person resides, is employed, or regularly transacts business in person."  Fed. R. Civ. P. 45(c)(2).  As the Court's minute order explains, "Federal Rule of Civil Procedure 45 provides that 'the serving party may move the court for the district where compliance is required for an order compelling production or

inspection.'"  (Quoting Fed. R. Civ. P. 45(d)(2)(B)(i)).  Here, there are two independent reasons the District of Colombia is a proper place of compliance: Respondents reside within 100 miles of the District of Columbia, and Respondents regularly transact business in person in the District.

1.      **Respondents reside within 100 miles of the District of Colombia**

Respondents reside in Dover, Delaware, fewer than 100 miles from the District of Columbia. Plaintiffs established in their motion to compel that Respondents Halliburton Company and Halliburton Energy Services, Inc., are incorporated in Delaware. Although Rule 45(c) does not specify how it defines corporate residence, "[t]he traditional definition of residence for a corporation is the place of incorporation." *Caremark Therapeutic Servs. v. Leavitt*, 405 F. Supp. 2d 454, 458 (S.D.N.Y. 2005); *see also* 8 Fletcher Cyc. Corp. § 4025 (Sept. 2019 update) ("The legal existence, the home, the domicile, the habitat, the residence, and the citizenship of the corporation is generally deemed to be in the state by which it was created."); *id.* at n.13 (collecting cases). Indeed, historically, a corporation was *only* said to reside at its place of incorporation. *See Pure Oil Co. v. Suarez*, 384 U.S. 202, 203-04 (1966). To the extent the concept of corporate residence has evolved over the decades, it has expanded to also include a corporation's places of business *in addition* to its place of incorporation. *Id.*; *see also Caremark*, 405 F. Supp. 2d at 458.

Rule 45(c) does not expressly or implicitly abrogate the traditional definition of corporate residence to exclude place of incorporation, nor are Movants aware of any authority holding that, for Rule 45(c) purposes, a corporation does not reside at its place of incorporation. *See, e.g.*, *NLRB v. Amax Coal Co.*, 453 U.S. 322, 329 (1981) (discussing canon of interpretation whereby courts must apply "accumulated settled meaning under either equity or the common law" unless statute dictates otherwise). On the contrary, courts consider a corporate respondent's place of incorporation when determining whether Rule 45(c) is satisfied. *See Creative Machining &*

*Molding Corp. v. CRC Polymer Sys., Inc.*, No. 17-cv-30043, 2018 WL 1440320, at *2 (D. Mass. Mar. 22, 2018); *Application of Johnson & Johnson*, 59 F.R.D. 174, 178 (D. Del. 1973).

Additionally, the address of Respondents' registered agent is Respondents' specific residence within Delaware. A corporation's specific residence within a state can be "the principal or registered office; principal place of business; or where its books are kept and its corporate business is transacted." Fletcher, *supra*, at § 4035; *see also Zazanis v. Jarman*, 1990 WL 58158, at *3-4 (Del. Super. Ct. 1990) (following Fletcher to identify corporation's specific place of residence). Delaware law requires all domestic corporations to maintain a physical presence in the state at a registered office. *See* Del. Code tit. 8 § 131. Respondents maintain that presence through their registered agents at 1675 South State St. in Dover. Respondents do not appear to have a separate office in Delaware other than the office of their registered agent.[1]  Thus, Respondents' only possible residence is the office of its registered agent, which is located within 100 miles of this Court.

2.      **Respondents regularly conduct business in the District of Colombia**

In addition, Respondents regularly conduct business in person in the District of Columbia, which also separately satisfies 45(c)(2). Respondent Halliburton Energy Services, Inc., is registered to do business with the District of Columbia Office of Consumer and Regulatory Affairs. Ex.1, DC Dep't of Consumer and Regulatory Affairs – Halliburton Energy Services Inc. That sufficiently constitutes regularly conducting business in the District of Colombia. *See, e.g. N. Am. Precast, Inc. v. Gen. Cas. Co. of Wis.*, No. 3:04-cv-1307, 2005 WL 8159396, at *2 (S.D. W. Va. July 8, 2005) (business registered to do business with state

---

[1] Respondents do not publicly hold themselves out as doing business elsewhere in Delaware, and Movants have no other information to suggest they do.

"presumably does some business here").[2]   Documents produced in the litigation so far indicate

that Respondent Halliburton conducts its government affairs business (a focus of the subpoena)

in Washington, D.C. *See* Ex. 2 (showing District of Columbia address).   Years of lobbyist

registrations filed with the U.S. House of Representatives confirm that Halliburton conducts

extensive lobbying business in the District of Colombia.   A sample of the registrations are

attached.   Ex. 3.   These registrations show that Halliburton retains agents in the District of

Columbia and that it regularly lobbies the U.S. House of Representatives and the U.S. Senate

through agents located in the District of Columbia and via its own employees.   For example,

Todd Ennenga of Halliburton registered with the House of Representative as a lobbyist in 2020

and 2019.  *Id.* at 1-3, 8-10, 12-14, 16-18, 20-22.   Halliburton also retained agents located at

Pennsylvania Ave, NW.  *Id.* At 5, 24, 27.   The disclosures show that Halliburton spent $110,000

for lobbying activities in the first Quarter of 2020 alone, indicating substantial activity here.  *Id.*

at 1.

**B.     Even if There was a Defect in the Place of Compliance, That Would not Deprive the Court of Jurisdiction**

Although the foregoing authorities confirm that Respondents reside within 100 miles of

the District of Columbia and regularly conduct business in person in the District of Columbia –

which are independent bases to enforce the subpoena – even assuming arguendo that were not

the case, this Court would have jurisdiction over enforcement of the subpoena.

---

[2] The standard for deciding whether a subpoena subjects a non-party to an undue burden is not the same as the standard for deciding whether a party is subject to personal or general jurisdiction in the forum. *E.g. Halliburton Energy Servs., Inc. v. M-I, LLC*, No. H06MC00053, 2006 WL 2663948, at *2 (S.D. Tex. Sept. 15, 2006); *Regents of Univ. of California v. Kohne*, 166 F.R.D. 463, 464 (S.D. Cal. 1996).

Under Rule 45(d) and (g), "the court for the district where compliance is required" has jurisdiction to entertain motions related to a subpoena. For this jurisdictional purpose, the place "where compliance is required" is determined by the location identified – properly or not – on the subpoena. *See CSS, Inc. v. Herrington*, 354 F. Supp. 3d 702, 709 (N.D. Tex. 2017); *Merch. Consulting Grp., Inc. v. Beckpat, LLC*, No. CV 17-11405-PBS, 2018 WL 4510269, at *1 (D. Mass. July 11, 2018), *report and recommendation adopted* (Aug. 1, 2018).[3] To the extent there is a defect in the place of compliance under Rule 45(c), Rule 45(d)(3)(A)(ii) provides the subpoenaed party with a remedy via a "[t]imely motion" to quash or modify.

Respondents have been properly served, counsel have been in contact, and both sides are seeking a resolution to this matter. If a dispute arises, counsel for Respondents will be able to move the Court for relief. *E.g. HCAPS Conroe Affiliation Inc. v. Angelica Textile Servs. Inc*., No. 3:15-MC-60-N-BN, 2015 WL 3867923, at *4 (N.D. Tex. June 22, 2015) (motion to quash based on improper identification of place of compliance). As explained above, because resolution of this issue by the parties now appears likely, Plaintiffs intend to submit a request to stay the motion to compel as the parties attempt to resolve the matter.

Dated: June 30, 2020                              Respectfully Submitted,

                                                  /s/ Agnieszka M. Fryszman
                                                  Agnieszka M. Fryszman
                                                  Attorney in charge (# 459208)

---

[3] A minority of courts apply a different rule and hold that the "district where compliance is required" is any district within 100 miles of where the subpoenaed party resides or does business. *See, e.g.*, *Raap v. Brier & Thorn, Inc.*, No. 17-mc-3001, 2017 WL 2462823, at *2 (C.D. Ill. July 7, 2017). The minority approach has been criticized as unworkable. *See, e.g.*, *Adams v. Symetra Life Ins. Co.*, No. 19-mc-401, 2020 WL 489523, at *2-3 (D. Kan. Jan. 28, 2020) (observing that *Raap* expresses minority rule). Regardless, the District of Columbia is the district where compliance is required under either rule because, as explained in Part A., Respondents reside in Dover, Delaware, and regularly do business in the District of Columbia.

**COHEN MILSTEIN SELLERS &
TOLL PLLC**
1100 New York Ave. NW, Fifth Floor
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
afryszman@cohenmilstein.com


Paul L. Hoffman
John Washington
**SCHONBRUN SEPLOW HARRIS &
HOFFMAN L.L.P.**
1543 W. Olympic Blvd.
Los Angeles, CA 90064
Tel: (310) 396-0731
Fax: (310) 396-7040
hoffpaul@aol.com
jwashington@sshhlaw.com

*Counsel for Movants*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 30, 2020, I electronically filed the *Movants' Notice Pursuant to the Court's Minute Order of June 25, 2020* with the Clerk of the Court using the ECF, and I sent the *Movants' Notice of Respondents' Failure to Oppose* via first class mail to Halliburton Company and Halliburton Energy Services, Inc., c/o Capitol Services, Inc., Registered Agent, at 1675 S. State St., Ste. B, Dover, DE 19901. I also sent a courtesy copy via e-mail to Gayle Littleton of Jenner & Block LLP at glittleton@jenner.com.

Dated:    June 30, 2020                              /s/ Agnieszka M. Fryszman
                                                                    Agnieszka M. Fryszman